

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Deputy Attorney General
Division of State Counsel

Writer's Direct Dial
(212) 416-8632

New York City
Litigation Bureau

September 16, 2010

**BY ECF**
Honorable John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   Bernam v. Daines, et al, 10 Civ. 2658 (JG) (SMG)
        United States District Court, Eastern District of New York

Dear Judge Gleeson:

     I am the Assistant Attorney General in the Office of Andrew M. Cuomo assigned to represent defendants Daines and Berlin, commissioners of state agencies ("State defendants"), in the above-captioned case.  I write to request a pre-motion conference prior to making State defendants' motion pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the instant action as moot.

     The procedural history of this case is short.  Plaintiff, as the only representative of a proposed class, filed a complaint on June 10, 2010.  Docket Entry ("DE") #1.  State defendants answered the complaint on June 29, 2010.  DE #22.  Along with his complaint, plaintiff filed an Order to Show Cause seeking a preliminary injunction.  DE ##2-3.  Additional pleadings were submitted in response to the Order to Show Cause.  By Opinion and Order dated September 2, 2010 ("Opinion"), this Court denied the request for a preliminary injunction.

     Based on the complaint and pleadings filed in response to the Order to Show Cause and the findings of fact made by the Court in the Opinion, State defendants believe that this action is properly dismissed as moot.

     Subject matter jurisdiction is a threshold issue that cannot be waived by the parties nor ignored by the courts. California v. LaRue, 409 U.S. 109, 113 n. 3 (1972).  Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies.  O'Shea v. Littleton, 414 U.S. 488, 493 (1974); Allen v. Wright, 468 U.S. 737, 750 (1984).

| | | |
|---|---|---|
| Hon.  John Gleeson | September 16, 2010 | PAGE 2 |
| Re:  <u>Bernam v. Daines, et al</u>, | 10 Civ. 2658 (JG) (SMG) | |

The party invoking federal jurisdiction has the burden of establishing the three elements of standing: (1) an injury-in-fact; (2) a causal connection between plaintiff's injury and defendant's action; and (3) likelihood that plaintiff's injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992).  Where plaintiff's injury has already been redressed, and, therefore "plaintiff's injury will [not] be redressed by a favorable decision," plaintiff has lost standing, and the action is moot.

A named plaintiff cannot acquire standing to sue simply by bringing his action on behalf of unidentified others and may only represent absent class members if he personally has standing to litigate his own claim. <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 40, n. 20 (1976); Warth v. Seldin, 422 U.S. 490, 502 (1975); <u>Wilner v. OSI Collection Servs., Inc.</u>, 198 F.R.D. 393, 395 (S.D.N.Y. 2001) ("if a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction".

The recent United States Supreme Court decision in <u>Alvarez v. Smith</u>, 130 S.Ct. 576 (2009), is instructive here.  There, the Supreme Court "granted certiorari in this case to determine whether Illinois law provides a sufficiently speedy opportunity for an individual, whose car or cash police have seized without a warrant, to contest the lawfulness of the seizure ...." <u>Id.</u>, at 578.  Similar to plaintiff here, the plaintiffs in <u>Alvarez</u> "asked the court (1) to certify the case as a class action ..." <u>Id.</u>, at 579.  The Supreme Court observed that:

> [t]he parties, of course, continue to dispute the lawfulness of the State's hearing procedures.  But <u>that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.  Rather, it is an abstract dispute about the law, unlikely to affect these plaintiffs</u> any more than it affects other Illinois citizens.

<u>Alvarez</u>, 130 S.Ct. at 580 (emphasis added), citing, *e.g.,* <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).

Here, plaintiff's claims became moot on or about July 6, 2010, when Dr. Feygin made it clear that she no longer stood by her physician's order to reduce the amount of care provided to plaintiff (DE #28).  This Court described the matter as follows in the Opinion:

> Whatever the reason for Feygin's initial approval of Family Care's proposal that Bernam's services be reduced to 12 hours per day -- because she in fact then agreed with Family Care, because she was careless, or because Family Care extracted her assent with an improper threat -- her opinion that he presently requires 24-hour care has since been made clear to Family Care.  Therefore, if Family Care now wishes to reduce or terminate Bernam's care, it must do so in compliance with existing state regulations that require it to either transfer

Hon.  John Gleeson                               September 16, 2010                    PAGE 3
Re:   <u>Bernam v. Daines, et al</u>,                   10 Civ. 2658 (JG) (SMG)

      Bernam's case to another CHHA willing to provide 24-hour care or refer his case to the social services district and provide continued aid pending the outcome of a fair hearing.

DE #32, Opinion at 10.  For a plaintiff to present an Article III case or controversy on the issue raised in the complaint, he or she must be confronting a physician who has given an adverse order and who refuses to change it.  Only then can the plaintiff argue that whether or not he or she is entitled to a State hearing to review that physician's determination is a live controversy.

      To the extent plaintiff seeks this Court's review of the decision after fair hearing itself, such review is properly sought in State Court through a proceeding brought pursuant to New York Civil Practice law and Rules Article 78.  New York Social Services Law § 22(9).  This Court's judicial review of the decision would amount to enforcement of State law which is prohibited by the Eleventh Amendment to the United States Constitution.

      To the extent plaintiff seeks this Court's review of the procedures made part of State defendants' regulations by Order of the United States District Court, Western District of New York, in an action entitled <u>Catanzano et al. v. Dowling et al.</u>, 89 CV 1127L, those provisions should be reviewed by the originating Court.

      For the foregoing reasons, State defendants believe this case should be dismissed against them as moot and for lack of subject matter jurisdiction and request a pre-motion conference prior to making a motion as provided by this Court's individual rules.

                                                              Respectfully submitted,

                                                              S/
                                                      Robert L. Kraft
                                                      Assistant Attorney General

cc      BY ECF
         all counsel who have appeared