UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
MEYER BERNAM, by his next friend,
MARINA BERNAM, individually and on behalf of all
persons similarly situated,

                     Plaintiffs,                  10 Civ. 2658 (JG) (SMG)
                                                                  (ECF CASE)
          - against -

RICHARD F. DAINES, as Commissioner of the
New York State Department of Health,
ELIZABETH R. BERLIN, as Executive Deputy Commis-
sioner of the New York State Office of Temporary
and Disability Assistance,
and FAMILY CARE CERTIFIED SERVICES,

                     Defendants.
--------------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

                                                      ANDREW M. CUOMO
                                                      Attorney General of the State of New York
                                                      Attorney for State defendants
                                                      120 Broadway, 24th Floor
                                                      New York, New York 10271
                                                      (212) 416-8632

ROBERT L. KRAFT
Assistant Attorney General
of Counsel

**Table of Contents**

**PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I  PLAINTIFF HAS NOT DEMONSTRATED THAT THIS ACTION IS NOT MOOT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT II  PLAINTIFF IMPERMISSIBLY ASKS THIS COURT TO ENFORCE STATE LAW BY SEEKING JUDICIAL REVIEW OF THE DECISION AFTER FAIR HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT III  IF NOT MOOT, THE ACTION MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MEYER BERNAM, by his next friend,
MARINA BERNAM, individually and on behalf of all
persons similarly situated,

                              Plaintiffs,                    10 Civ. 2658 (JG) (SMG)
                                                                     (ECF CASE)
                - against -

RICHARD F. DAINES, as Commissioner of the
New York State Department of Health,
ELIZABETH R. BERLIN, as Executive Deputy Commis-
sioner of the New York State Office of Temporary
and Disability Assistance,
and FAMILY CARE CERTIFIED SERVICES,

                              Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted on behalf of defendants RICHARD F. DAINES, as Commissioner of the New York State Department of Health, and ELIZABETH R. BERLIN, as Executive Deputy Commissioner of the New York State Office of Temporary and Disability Assistance (collectively "State defendants"), in reply to Plaintiff's October 22 Memorandum of Law in Opposition to Motion ("Pl. Mem.") and in further support of their motion for judgment on the pleadings.

## POINT I

**PLAINTIFF HAS NOT DEMONSTRATED THAT THIS ACTION IS NOT MOOT**

Whether a case should be dismissed as moot or not lies within the sound discretion of the District Court, and a strong showing of abuse must be made to reverse it. Rivers v. Doar, 638 F.Supp.2d 333, 337 (E.D.N.Y. 2009). Plaintiff cites U.S. v. Quattrone, 402 F.3d 304 (2d Cir. 2005) for the proposition that a case is not moot where the complained of conduct is "capable of repetition, yet evading review," and cites the Quattrone definition of the standard as "(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." Id. at 309 (emphasis added). However, the facts of this case do not meet both prongs of the Quattrone standard. This is not a certified class action, so mootness is not defined by what might happen to other unnamed plaintiffs but is defined only by what might happen to the named plaintiff. The fact that the CHHA will reassess plaintiff every sixty days, in compliance with federal regulations cited by plaintiff, does not keep this action alive because reassessment does not lead to injury-in-fact. As this Court noted in its September 2, opinion, if the CHHA consults with plaintiff's physician and the physician does not approve a reduction in care, and the CHHA chooses to reduce care anyway, the provisions of the Catanzano implementation plan apply and plaintiff will receive notice before the reduction. Plaintiff's physician has indicated that she does not believe plaintiff's services should be reduced. Therefore, this Court may find that plaintiff "will [not] be subjected to the same action again."

As noted in State defendants' October 4 Memorandum of Law, subject matter jurisdiction is a threshold issue that cannot be waived by the parties nor ignored by the courts. California v. LaRue, 409 U.S. 109, 113 n. 3 (1972). Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. O'Shea v. Littleton, 414 U.S. 488, 493 (1974); Allen v. Wright, 468 U.S. 737, 750 (1984); Alvarez v. Smith, 130 S.Ct. 576 (2009).

For the foregoing reasons, and those set out in State Defendants' October 4 Memorandum of Law, this action must be dismissed as moot.

## POINT II

**PLAINTIFF IMPERMISSIBLY ASKS THIS COURT TO ENFORCE STATE LAW BY SEEKING JUDICIAL REVIEW OF THE DECISION AFTER FAIR HEARING**

Plaintiff's repeated allegations in the complaint and in his response that the physician's order was not valid must be disregarded because State defendants' Decision After Fair Hearing has reviewed that issue and found that a valid order existed when plaintiffs care was reduced. The Eleventh Amendment's prohibition of enforcement of State law by federal Courts prohibits this Court from reviewing State defendants' Decisions After Fair Hearing that are properly reviewed through State article 78 proceedings. Balbuena v. Mattingly, 2007 WL 2845031 at *11 (S.D.N.Y. 2007) ("Had Balbuena wished to appeal the agency decision after the hearing, she should have filed for Article 78 review with the state court within the applicable statute of limitations. Balbuena's claim for Article 78 review is denied for lack of jurisdiction.").

3

For the foregoing reason, this Court must make a finding of fact in this case that a valid physician's order existed when plaintiff's care was reduced by defendant Family Care.

## POINT III

**IF NOT MOOT, THE ACTION MUST BE DISMISSED BECAUSE THE COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

State defendants admit two of the facts that plaintiff argues support his state action claim. First, State regulations did not require the CHHA to provide plaintiff notice before reducing his care consistent with his physician's order.[1] Second, although plaintiff had an extensive fair hearing on the issue properly before the ALJ, plaintiff did not have a fair hearing that considered the correct amount of services to be provided to plaintiff. Both of these steps might be required if this Court finds that physicians' orders are state action. But until that finding is made, the lack of State required notice and a fair hearing that considered the merits of the physician's order are not separate claims. To that extent, State defendants have not failed to address claims raised in the Complaint as part of their motion to dismiss.

Plaintiff's assertion that this case cannot be disposed of on a Rule 12 motion due to the need to do more discovery to support the state action claim is without merit. In making their instant motion, State defendants contend that, viewing the facts about the plaintiff alleged in the

---

[1] Whether plaintiffs' physician has an obligation under the code regulating physicians to notify a patient of an order reducing services is an issue beyond the scope of this litigation. However, the fact that the physician might be expected to keep her patient informed answers the question of how plaintiff should have received notice of the reduction before it occurred.

4

Complaint–not the legal conclusions– as favorable to plaintiff, the Complaint does not make a proper state action claim and is properly dismissed.

As this Court found in its September 2 opinion, analysis of whether a State action claim exists under the circumstances of this case begins with the Supreme Court's opinion in Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) ("[T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States." (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948))).  In Yaretsky, the actors were nursing homes, which, like defendant Family Care in the instant case, were private entities caring for patients whose care was paid for through Medicaid.  In Yaretsky, the Supreme Court distinguished between actions taken by the nursing homes in compliance with regulations without reference to the patients' physicians, and actions taken by the nursing home after consultation with the patients' physicians.  The Supreme Court found the former to be state action and the latter to be actions of private entities, the physicians using nursing homes as their agents.

The Yaretsky opinion demonstrates a concept equally applicable here, that a single entity, there a nursing home, and here a Certified Home Health Agency ("CHHA"), may be a state actor for some purposes and not a state actor for other purposes.  So, a statement such as "a CHHA is a state actor" is of limited utility since the action must be described, not the actor.

The Second Circuit has done this analysis concerning the activities of CHHAs in the Catanzano line of cases.  In its 1995 opinion, the Second Circuit set forth the pertinent factual and procedural background of the Catanzano case as follows:

> ... the named plaintiff, Michelle Catanzano, who was ... receiving prescribed twenty-four-hour-a-day home health care, was hospitalized. Upon her discharge from the hospital, the CHHA responsible for her care unilaterally decided to reduce her home health care services from twenty-four-hour-a-day to twelve-hour-a-day care. ...
>
> Although Ms. Catanzano's treating physician disagreed with the CHHA's determination, the determination was implemented without being referred to a local professional director, and Ms. Catanzano was not accorded her fair hearing rights. ... The district court also held that the denial of services without fair hearing rights deprived Ms. Catanzano of her federal constitutional right to due process. The district court's order was affirmed by this court in March of 1990.
>
> In 1991 and 1992, the State amended its laws governing home health care and created a four-step system <u>that a CHHA must use</u> to determine whether and how much home health care should be provided to Medicaid applicants and recipients. The new law, known generally as the "fiscal assessment amendments," was implemented through a statute, § 367-j of the Social Services Law, .... Under the new scheme, a CHHA may not provide home health services unless such services are prescribed by the applicant's physician <u>and</u> a "fiscal assessment" is made by the CHHA staff. ... If <u>the CHHA determines,</u> as a result of its inquiries under steps one or two, that the patient should receive no home health care, that decision is final and is implemented without administrative review or a hearing.
>
> \* \* \*
>
> In April of 1993, after the amendments were enacted, the district court granted a motion made by plaintiff to amend her complaint to bring a class action. ... The court enjoined all home health care suspensions, reductions, or discontinuances "as a result of conducting a fiscal assessment or otherwise, without first providing for notice, the right to a fair hearing and aid-continuing ....."
>
> \* \* \*
>
> In its decision and order, the district court explicitly determined that the actions taken by CHHAs to deny, suspend, or reduce care ordered by private physicians were state actions that triggered plaintiffs' federally mandated fair hearing rights.

<u>Catanzano by Catanzano v. Dowling</u>, 60 F.3d 113 115-16 (2d Cir. 1995) (citations omitted, emphasis added).  Significantly, the acts found to be state action by the District Court were decisions to reduce benefits made by CHHAs <u>contrary</u> to physician's orders, and fiscal

6

assessment decisions made by CHHAs without the participation of the physician. After discussing Yaretsky, the Second Circuit opined:

> In sum, we conclude that the State has exercised coercive power and has provided such significant encouragement ... that the CHHAs' determinations in steps one and two must in law be deemed those of the State, Blum, 457 U.S. at 1004, 102 S.Ct. at 2785, and that the determinations thus trigger fair hearing rights.

Id. at 120 (brackets and quotation marks omitted). Significantly, the acts found to be state action by the Second Circuit were taken by CHHAs without the participation of the physician.

In 1998, the Catanzano plaintiffs raised the same claim plaintiff raises here, that notice and fair hearing rights attach where the CHHA takes actions in accord with a physician's order. Catanzano v. Wing, 277 F.3d 99, 104-5 (2d Cir. 2001). The claim was not fully litigated, and when the case was reaching a conclusion plaintiffs moved to dismiss the physician's order claim without prejudice. The District Court denied the motion. id. at 105.[2] The Second Circuit ruled as follows:

> In sum, we conclude that Defendant [State defendants here] will not be prejudiced by this claim because it has been litigated to such a limited extent and we hold that the district court abused its discretion in denying Plaintiffs' Rule 41(a)(2) motion to dismiss their Physician's Order Claim. We therefore vacate the court's entry of a permanent injunction and final judgment and direct the court to dismiss Plaintiffs' Physician's Order claim without prejudice.

Id. at 110. The foregoing ruling does not require this Court to decline to dismiss this claim, on the merits, as a matter of law, in response to a Rule 12 motion, viewing the facts of the Complaint most favorably to plaintiff.

---

[2] Social Services Law § 367-j expired by its own terms in July, 1999. Id.

> Plaintiff cites to 42 C.F.R. § 484.18, which provides in pertinent part as follows:
>
> Patients are accepted for treatment on the basis of a reasonable expectation that the patient's medical, nursing, and social needs can be met adequately by the agency in the patient's place of residence. Care follows a written plan of care <u>established and periodically reviewed by a doctor of medicine, osteopathy, or podiatric medicine.</u>
>
> (a) Standard: Plan of care. The plan of care developed in consultation with the agency staff covers all pertinent diagnoses, including mental status, types of services and equipment required, .... If a physician refers a patient under a plan of care that cannot be completed until after an evaluation visit, <u>the physician is consulted to approve additions or modifications</u> to the original plan. ...
>
> (b) Standard: Periodic review of plan of care. The total plan of care is <u>reviewed by the attending physician and HHA personnel</u> as often as the severity of the patient's condition requires, but at least once every 60 days or more frequently when there is a beneficiary elected transfer; a significant change in condition resulting in a change in the case-mix assignment; or a discharge and return to the same HHA during the 60-day episode. Agency professional staff <u>promptly alert the physician to any changes</u> that suggest a need to alter the plan of care.
>
> (c) Standard: Conformance with physician orders. Drugs and treatments are administered by agency staff <u>only as ordered by the physician</u> with the exception of influenza and pneumococcal polysaccharide vaccines, which may be administered per agency policy developed in consultation with a physician, and after an assessment for contraindications. Verbal orders are put in writing and signed and dated with the date of receipt by the registered nurse or qualified therapist (as defined in § 484.4 of this chapter) responsible for furnishing or supervising the ordered services. Verbal orders are only accepted by personnel authorized to do so by applicable State and Federal laws and regulations as well as by the HHA's internal policies.

42 C.F.R. § 484.18 (emphasis added). The regulation on its face takes the care decisions regarding a CHHA patient as far away from state action as possible. The constant references to the physician are meant to ensure that, although the CHHA is paid by the government through the Medicaid program, the CHHA is acting as the agent of the physician.

8

The allegations made in the Complaint reflect compliance by the CHHA with the regulatory standard.  Plaintiff alleges that the CHHA is required to reassess plaintiff every sixty days.  Plaintiff alleges that after one such reassessment in December, 2009, the CHHA forwarded a recommended order reducing care to be provided to plaintiff to plaintiff's physician.  Plaintiff admits that plaintiff's physician gave the CHHA evidence that she agreed with the recommendation.

Those are the facts of the Complaint.  As a matter of law, they dispose of this case to the extent it is not moot.

Dissatisfied CHHA patients like plaintiff are not without remedy.  To the extent any CHHA patient alleges that a CHHA mislead the physician and seeks to recover damages based on the CHHA's conduct in response to a fraudulently obtained physician's order, that is an action seeking damages and is not properly brought against State defendants.  Plaintiff in such an action may seek immediate relief, as was done in this Court, by commencing the action with an Order to Show Cause demanding the restoration of the relief in effect prior to the CHHA's allegedly fraudulent or misleading statements to the physician.

Similarly, if a CHHA patient alleges that his physician made medical determinations that harmed the plaintiff without sufficient review of the patient's records, that claim sounds in malpractice and does not raise a claim against State defendants.

For the foregoing reasons, and those set out in State Defendants' October 4 Memorandum of Law, the Complaint should be dismissed as failing to state a claim on which relief may be granted.

**CONCLUSION**

For the foregoing reasons, and those set out in State defendants' October 4 Memorandum of Law, State defendants respectfully request that the Court grant their motion for judgment on the pleadings dismissing all claims against them.

Dated: New York, New York
October 29, 2010

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for State defendants

By:          S/
ROBERT L. KRAFT (RK5418)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8632