UNITED STATES DISTRICT COURT                    ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MEYER BERNAM, by his next friend,
MARINA BERNAM, individually and
on behalf of all persons similarly
situated,

                              Plaintiff,                    MEMORANDUM AND ORDER

                    -against-                               10-CV-2658 (JG)

RICHARD F. DAINES, as Commissioner
of the New York State Department of
Health, ELIZABETH R. BERLIN, as
Executive Deputy Commissioner of the
New York State Office of Temporary and
Disability Assistance, and FAMILY CARE
CERTIFIED SERVICES,

                              Defendants.
-----------------------------------------------------------------x

A P P E A R A N C E S:

        NEW YORK LEGAL ASSISTANCE GROUP
                450 West 33rd Street
                New York, New York 10001
        By:    Jane Greengold Stevens
                *Attorneys for Plaintiff*

        ANDREW M. CUOMO
                Attorney General, State of New York
                120 Broadway
                New York, New York 10271
        By:    Robert L. Kraft
                *Attorney for Defendants Richard F. Daines and Elizabeth R. Berlin*

        ARENT FOX, PLLC
                1675 Broadway
                New York, New York 10019
        By:    Mark A. Angelov
                *Attorneys for Defendant Family Care Certified Services*

JOHN GLEESON, United States District Judge:

This matter comes before the Court on the motion of defendants Richard F. Daines and Elizabeth R. Berlin (the "State defendants") for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), and the motion of defendant Family Care Certified Services ("Family Services") to dismiss for failure to state a claim, pursuant to Fed R. Civ. P. 12(b)(6).[1] Both defendants have also moved pursuant to Fed R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction.

The case concerns the due process rights of recipients of Medicaid-funded home health services delivered by certified home health agencies ("CHHAs") in New York, and specifically whether a CHHA's reduction of services must be preceded by notice and an opportunity to be heard even when the recipient's physician agrees with or has ordered the reduction. The facts of the case and the relevant provisions of the regulatory regime are set forth in my September 2, 2010 decision denying plaintiff Meyer Bernam's motion for preliminary injunctive relief, *Bernam v. Daines*, 2010 WL 3522364 (E.D.N.Y. Sept. 2, 2010) (the "PI Opinion"), familiarity with which is assumed here.

For the reasons set forth below, the motions to dismiss and for judgment on the pleadings are denied.

DISCUSSION

A.     *Mootness*

The defendants did not challenge the Court's subject matter jurisdiction over the 42 U.S.C. § 1983 claim Bernam filed on June 10, 2010, or his standing to assert it. They now

---

1        Because Family Services has filed an answer to the complaint, Docket No. 34, its motion to dismiss under Rule 12(b)(6) is construed as a motion for judgment on the pleadings under Rule 12(c). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 124 (2d Cir. 2001); *Singh v. Parnes*, 199 F. Supp. 2d 152, 155 (S.D.N.Y. 2002).

contend, however, that the claim has been mooted by the reinstatement of 24-hour, split-shift daily home care for Bernam.

"Mootness doctrine encompasses the circumstances that destroy the justiciability of a suit previously suitable for determination." 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533, at 715 (2008). Though there is support for the view that the foundation of the mootness doctrine is prudential, not constitutional, *see Honig v. Doe*, 484 U.S. 305, 330 (1988) (Rehnquist, C.J., concurring); Evan Tsen Lee, *Deconstitutionalizing Justiciability: The Example of Mootness*, 105 Harv. L. Rev. 603 (1992), the Second Circuit unambiguously regards the doctrine as based squarely on the case or controversy requirement of Article III of the Constitution. Thus, if this case has become moot, I lack subject matter jurisdiction and must dismiss it. *Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009).

In a limited subset of cases, however, an otherwise moot claim remains justiciable if the parties' dispute "is capable of repetition, yet evading review." *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 6 (1986). Specifically, "where (1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again," the mootness doctrine does not prohibit a court from deciding the case. *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005).

As mentioned above, the injury alleged by Bernam was the reduction by Family Services, his CHHA, of his 24-hour, split-shift daily home health care services on order of his physician without prior notice and the opportunity to be heard. (Compl. at I.A.) Although the services Bernam sought were restored in late January (*id.* at ¶ 55), that reversal took a month of

concerted action by his daughter and his counsel. (*Id.* at ¶¶ 54-55.) Indeed, even after Bernam's counsel became involved and Family Services received an "aid-continuing" directive requiring it to restore Bernam's benefits in early January 2010, benefits were not restored and the directive was not obeyed until late January 2010. (*Id.* at ¶ 55.) Bernam did not receive a hearing on the level of his benefits until mid-March 2010. (*Id.* at ¶ 56.)

The defendants argued in their moving papers that the case had become moot for two reasons. First, in an affidavit executed on July 2, 2010, Dr. Polina Feygin, Bernam's treating physician, made clear that in her judgment Bernam requires home health services 24 hours per day, seven days per week. Thus, the defendants argued, Bernam is no longer subject to a reduction of services on the order of his physician -- the only type of reduction that can occur without notice to him and an opportunity to be heard.[2] The second reason for mootness, the defendants argued, was that Bernam had recently been hospitalized on Dr. Feygin's order.

Bernam has since been discharged from the hospital and is receiving 24-hour care each day at home, so the latter ground of the defendants' motion has now itself been mooted; defendants do not contend otherwise. As for the former ground, I conclude that the due process deprivation of which Bernam complained is capable of repetition and avoiding review, and thus subject matter jurisdiction remains. There is a reasonable risk that his health care services will be modified at some point in the future without notice and an opportunity to be heard. CHHAs reevaluate their patients' needed level of services every 60 days, and the patients face the risk of a reduction or termination of services each time such an evaluation occurs. Dr. Feygin, in circumstances that have not yet been fully fleshed out, has already ordered (or at least acquiesced in) a reduction of services in Bernam's case. For purposes of determining whether I have

---

[2] Any reduction of services by Family Services (or any other CHHA) that is contrary to the orders of a Medicaid recipient's physician must be preceded by notice and an opportunity to be heard.

continuing jurisdiction, I find that Bernam has established a sufficiently reasonable expectation that he will again be subjected to a reduction of services without first being afforded notice and an opportunity to be heard.

Bernam must also demonstrate that such an injury, should it recur, could evade review. He has done so by showing that the period between regularly-scheduled reevaluations is short, and that decisions as to benefits can be changed in a matter of weeks -- in other words, that if an adverse decision inspires a lawsuit, the adverse decision can be changed before the lawsuit can proceed through the court system. *See Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993); *Morel v. Giuliani*, 927 F. Supp. 622 (S.D.N.Y. 1995). In addition, the factual context of this dispute, which involves the possibility of a reduction in medical care afforded to an elderly, infirm plaintiff, naturally counsels in favor of a finding that the dispute, if repeated, may evade review. For multiple reasons other than the administrative timetable alluded to above, Bernam may lack the wherewithal to challenge a future reduction in his services in the manner by which his CHHA challenged when the last reduction occurred.

B.       *The Sufficiency of Bernam's Complaint*

In order to survive a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the plaintiff's claim I construe the complaint liberally, accepting his allegations as true and drawing all reasonable inferences in favor of the non-moving party. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although the complaint must be supported by more than "mere conclusory statements," *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009), it need not provide "detailed factual allegations." *Twombly*, 550 U.S. at 555.[3]

Bernam has brought suit under § 1983, alleging that New York State has instituted a system of distributing federal benefits that runs counter to the Constitution. (Compl. at ¶¶ 80-85.) Although § 1983 applies only to state actors, actions by private parties may still be considered state action where the conduct alleged to violate the Constitution is "fairly attributable to the state." *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996). "Extensive regulation and public funding, either alone or taken together, will not transform a private actor into a state actor; instead, the state must have exerted its coercive power over, or provided significant encouragement to, the defendant before the latter will be deemed a state actor." *Id.*; *see Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982) ("Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under [§ 1983].").

The State and Family Services defendants agree that Family Services itself is a state actor when it implements, via the fair hearing process, its own determination regarding benefits. (State Mot. at 13; Family Services Mot. at 8-9; *see* PI Opinion at *4, *5.) They further argue that because Family Services's action to reduce Bernam's benefits was done on the order of Bernam's physician, the reduction of benefits was not itself state action. But under § 1983, Dr. Feygin's actions may be attributed to the State if Family Services "provide[s] significant encouragement" in her benefits prescriptions. *See Leeds*, 85 F.3d at 54; *cf., e.g.*, *West v. Atkins*, 487 U.S. 42 (1988) (physician under contract with state to provide medical services to inmates

---

3    Although *Iqbal* and *Twombly* dealt with motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard of review as one under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

was state actor for purpose of § 1983). Bernam has alleged that Dr. Feygin was presented with a plan of care ready-made -- printed on FCCS stationery -- and that "[t]here is no indication that . . . Dr. Feygin made an independent decision based on Mr. Bernam's medical needs." (Compl. at ¶ 59.) He has further alleged that Family Services, and other CHHAs, maintain a regular pattern and practice of regularly reevaluating patients' benefits via such home visits and presenting completed plans of care to patients' physicians for sign-off. (Compl. at ¶¶ 70-79.) Bernam argues that this practice by Family Services and other CHHAs constitutes sufficient entwinement of private and state action for the practices to be subject to scrutiny under § 1983. I conclude that the allegations by Bernam state a claim on which relief can be granted.

C.    *Eleventh Amendment Immunity*

        The State defendants' argument that the Eleventh Amendment requires the Court to "decline to adjudicate State law claims against State defendants" misses the point of Bernam's arguments. (State Mot. at 10.) Although Bernam has challenged state laws, he is not suing to adjudicate State law claims. (*See* Opp. at 17.) Instead, he seeks only declaratory and injunctive relief under § 1983 to enforce federal rights against a state that has allegedly created a benefits scheme that deprives Bernam of his due process rights. Such injunctive relief is permitted under the Eleventh Amendment. *Ex Parte Young,* 209 U.S. 123 (1908).

CONCLUSION

        The defendants' motions are denied.


                                                So ordered.

                                                John Gleeson, U.S.D.J.


Dated: December 3, 2010
        Brooklyn, New York

7